UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**ENGINEERS, JOINT WELFARE, PENSION,
SUPPLEMENTAL UNEMPLOYMENT BENEFIT AND
TRAINING FUNDS, by Daniel Harrigan, as Administrator,
CENTRAL PENSION FUND OF THE INTERNATIONAL
UNION OF OPERATING ENGINEERS AND
PARTICIPATING EMPLOYERS, by Michael R. Fanning,
as Chief Executive Officer, INTERNATIONAL UNION OF
OPERATING ENGINEERS LOCAL UNION 17, by Mark
N. Kirsch, as Business Manager,**

          **Plaintiffs,**

    -v-                 5:08-CV-294

**STS CONSTRUCTION OF WNY, INC., and TIMOTHY P.
SUCH, Individually and as an Officer of STS Construction
of WNY, Inc.,**

          **Defendants.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:

Blitman & King LLP
Jennifer A. Clark, Esq., of counsel
Franklin Center, Suite 300
443 North Franklin Street
Syracuse , New York 13204
Attorneys for Plaintiffs

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* In their complaint (Dkt. No. 1), plaintiffs claim that defendants failed to make timely contributions to ERISA-covered employee benefit plans in accordance with the terms of a collective bargaining agreement. *See* 29 U.S.C. §§ 1132(g)(2); 1145.

Defendants have not answered the complaint or otherwise appeared.  Plaintiffs obtained a Clerk's Entry of Default on May 28, 2008 (Dkt. No. 10).  Plaintiffs now move (Dkt. No. 11) for default judgment against both defendants.  Fed. R. Civ. P. 55(b)(2).

Plaintiffs have established that defendant STS Construction of WNY, Inc., as the business which signed the collective bargaining agreement, is liable for delinquent fringe benefit contributions and deductions, interest, and liquidated damages, and that defendant Timothy P. Such, as corporate officer and fiduciary, is individually liable for failing to deliver contributions to the plaintiff employee benefit plans.  With respect to the amount of damages, plaintiffs rely on the complaint, documentary evidence, and affidavits of Daniel P. Harrigan, Alan Pero, Michael R. Fanning, James Smolinski, Jessica L. Ratkowski, and Jennifer A. Clark, Esq.  In view of the affidavits and documentary evidence submitted by plaintiffs, a hearing to ascertain the damages in this case is unnecessary.  Plaintiffs have demonstrated their entitlement to damages in the sum of $60,701.24 in contributions and deductions, $7,752.11 in interest through July 1, 2008, and $10,536.52 in liquidated damages, totaling $78,989.87.

Plaintiffs are statutorily entitled to recover reasonable attorneys' fees and costs associated with their efforts to collect the delinquent contributions and deductions.  29 U.S.C. § 1132(g)(2)(D).  Plaintiffs request $4,933.20 in attorneys' fees and $932.93 in costs through June 19, 2008.  Plaintiffs submit detailed time records which the Court has reviewed and finds reasonable.  They demonstrate that 15.6 attorney hours and 9.9 paralegal hours were spent on this matter.

Plaintiffs request reimbursement of attorney hours at $235 per hour and paralegal hours at $128 per hour.  With respect to hourly fees, the Second Circuit has recently held that courts are to

award the presumptively reasonable fee, that is, the fee that would be paid by a reasonable, paying client in the relevant community. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 191-93 (2d Cir. 2008). The Court notes that plaintiffs' counsel Jennifer A. Clark, Esq. has extensive experience and expertise in this field of litigation. Due to the nature of the claims, a substantial amount of expertise, time, and labor is required to pursue the claims successfully, even though in some cases recoveries may be relatively small. Here, counsel has succeeded in obtaining judgment recovering significant benefits for these employee benefit plans. The importance of this case lies not only in recovering benefits for the affected employees, but also in conveying the message to employers and workers that the ERISA requirements will be enforced. The Court is aware of attorneys' fee awards in similar cases in this community; it has recently been determined that the prevailing rate in this community in a similar case by the same attorneys is $210 per hour for experienced attorneys, $150 per hour for associates with more than four years experience, and $80 per hour for paralegals. *See Engineers Joint Welfare, Pension, Supp. Unempl. Benefit & Training Funds v. Reape* ("*Reape*"), 2008 WL 2385908, *4 (N.D.N.Y. 2008). In light of these factors and the Court's own knowledge of the rates prevailing in the legal community, the Court finds that the rate in *Reape* is the reasonable fee in the case at bar. Plaintiffs have not submitted evidence warranting a different result.

Accordingly, the award of attorneys' fees and costs is $3,276 (15.6 x $210) for Attorney Clark's services, plus $792 (9.9 x $80) for paralegals' services, plus $932.90 in costs for a total of $5,000.90 in attorneys' fees and costs. Adding the $78,989.87 amount of damages calculated above yields a total recovery of $83,990.77.

It is therefore

ORDERED that plaintiffs' motion (Dkt. No. 11) is granted; and it is further

ORDERED that plaintiffs are awarded default judgment against defendants STS Construction of WNY, Inc., and Timothy P. Such for the sum of $83,990.77, representing $60,701.24 in contributions and deductions, $7,752.11 in interest through July 1, 2008, $10,536.52 in liquidated damages, for a total of $78,989.87, plus $5,000.90 in attorneys' fees and costs through June 19, 2008.

IT IS SO ORDERED.

November 26, 2008
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge